[Civ. No. 1806. First Appellate District.—December 30, 1916.]

## JAMES KINKADE, Respondent, v. CHAMPION HORSE SHOE COMPANY (a Corporation), Appellant.

CONTRACT—EMPLOYMENT TO SELL MANUFACTURED GOODS ON SALARY—ACTION FOR SERVICES—PERFORMANCE—SUFFICIENCY OF COMPLAINT. In an action to recover upon a written instrument, by the terms of which the plaintiff's assignor was employed to engage in the sale of certain manufactured goods of the defendant at a stated monthly salary, the complaint is not subject to demurrer for uncertainty in failing to aver whether such assignor performed any services or made any sales under such instrument, where it is alleged that the assignor "did engage in the sale of such goods for said com-

pany, and has fully and fairly performed all the conditions of said agreement on his part to be performed."

ID.—MONEY EXPENDED FOR BENEFIT OF DEFENDANT—DATES AND ITEMS OF ACCOUNT—SUFFICIENCY OF COMPLAINT.—A complaint in an action for money expended for the use and benefit of the defendant is not defective in failing to set forth specifically the dates of expenditures made, as such objection is the proper subject of a demand for a bill of particulars.

ID.—ACCEPTANCE OF LESS AMOUNTS THAN MONTHLY SALARY—RECOVERY OF DEFICIENCIES.—Evidence from which it appeared that plaintiff's assignor from an early date in the period of his employment did not receive the entire amount of his salary monthly, but would be sent by the defendant a less sum, accompanied by a "credit memorandum" for the difference, does not show that the original written instrument between the parties was so changed thereby that the assignor was not to have the deficiencies made up to him unless the business of the company proved profitable, where the assignor testified that he accepted such payments and memoranda because he thought that it was the best he could do at the time, and that he wanted to help the company along, and that he hoped, and was led to believe, that in the near future he would be paid in full.

ID.—COSTS—FEES OF SHERIFF AND NOTARY IN ATTACHMENT.—Fees for serving writs of attachment and notary fees in the matter of the affidavit and bond for the attachment are proper items of cost in an action in which an attachment is proper.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a motion to tax costs. Daniel C. Deasy, Judge.

The facts are stated in the opinion of the court.

Charles W. Slack, and Chauncey S. Goodrich, for Appellant.

R. F. Mogan, and George J. Dougherty, for Respondent.

THE COURT.—This is an appeal from a judgment in plaintiff's favor and also from an order of the court denying the defendant's motion to tax costs by disallowing certain items charged by the plaintiff in his cost bill.

The complaint is in two counts, the first depending upon a written instrument alleged to have been made between the defendant and the plaintiff's assignor, by the terms of which the latter was employed to engage in the sale of certain manufactured goods of the defendant at a salary of two hundred

dollars per month from July 1, 1912, to January 1, 1913, and of $225 per month from January 1, 1913, to August 30, 1914. The plaintiff did not set forth the agreement in full, but only undertook to plead its substance.   The second count of the complaint set forth a cause of action for money alleged to have been expended for the use and benefit of said defendant.   A general and special demurrer was presented to the complaint, which was overruled by the trial court, and which ruling the appellant here assails as error.

Upon the several grounds of demurrer urged against the first count in the complaint, the appellant insists that the complaint is uncertain in failing to aver whether the plaintiff's assignor performed any services or made any sales under said agreement.   The complaint, however, does allege that the said assignor of plaintiff ''did engage in the sale of such goods for said company, and has fully and fairly performed all the conditions of said agreement on his part to be performed.''   We think these allegations sufficiently informed the defendant as to the nature and scope of the plaintiff's demands, especially in view of the fact that it is nowhere contended that the defendant did not at all times have in its possession a copy of the written agreement between the parties, and hence could not have been misled to its injury by the pleader's attempt to briefly set forth the substance thereof.

The appellant's contention that the second count of the complaint was defective in the respect that it did not set forth specifically the dates of any expenditures made by the assignor of plaintiff for the defendant's use and benefit, is also without merit for the reason that this objection to the complaint was the proper subject of a demand for a bill of particulars if the defendant wished for more specific information as to the dates and items of the account.

Upon the trial of the cause the defendant rested its case upon the evidence offered on behalf of the plaintiff, and it is now contended that the proofs were insufficient to justify a judgment in plaintiff's favor.   The evidence offered in support of the plaintiff's claim consisted of the written agreement between the defendant and John C. Hogan, the assignor of plaintiff, the substance of which had been pleaded in the complaint; a number of letters passing between the parties during the period of the performance of the terms of said agreement to be performed by said Hogan, and the testimony of said

Hogan in respect to the payments made thereon, and to the understanding between the parties as to deferred payments on account of his monthly salary. From this evidence it appeared that Mr. Hogan, from an early date in the period of his employment, did not receive the entire amount of his salary monthly, but would be sent by the defendant a sum from $25 to $75 less than the amount due him each month in cash, accompanied by what was called a "credit memorandum" for the balance, the defendant, in its several letters to him inclosing such payments, stating "This is the best we can do until we get swinging," or "until the trade can be conducted on a profitable basis." Mr. Hogan testified that he accepted these payments of less amounts than his salary with the accompanying credit memorandum because he thought that was the best he could do at the time, and that he wanted to help the company along, and that he hoped, and was led to believe, that in the near future he would be paid in full. The appellant contends that the evidence offered in this connection shows that the original written agreement between the parties was so changed thereby that the assignor of plaintiff was not to have these deficiencies in his monthly salary made up to him unless the business of the company proved profitable. The trial court, however, did not adopt this view, but, on the contrary, found that the averments of the defendant's answer setting forth such a modification of the original agreement between the parties were untrue. We think the evidence fully sustains this finding, and hence that there is no merit in the foregoing contention.

The appellant also insists that the written agreement between the parties was modified in other respects affecting materially the plaintiff's right to recover; as, for instance, in respect to the territory wherein the assignor of plaintiff was to operate, and wherein he did in fact engage in making sales of its wares. That such change of base was made there is no question; but it is equally certain that it was made by the consent of both parties, and that such change in no way affected, or was intended to affect, the amount of monthly salary to be paid to plaintiff's assignor.

The appellant further objects to two items of the account of Mr. Hogan to which he testified in support of the averments of the second count in the complaint. These items have reference to the packing and shipment of certain furniture of

Hogan from Omaha to California, and to the expense of travel of his wife between the two places. In support of these charges the plaintiff produced a letter from the defendant to Hogan referring thereto, wherein the defendant wrote: "We will pay the costs of its return and Mrs. Hogan's fare back." We think this promise was fairly susceptible of a construction which would include both of the items of expense to which the defendant objected, and the court's finding in that behalf will not therefore be disturbed.

The final objection of the appellant goes to the alleged error of the court in refusing to tax the plaintiff's cost bill by striking from it certain items of costs embracing the sheriff's fees for serving writs of attachment in the case, and also the notary fees in the manner of the affidavit and bond for such attachment. There is no merit in this contention. This being a proper case for attachment, the fees to which objection is made constituted necessary and proper disbursements in the action, and were therefore proper items of cost to be awarded the plaintiff therein.

Judgment and order affirmed.